**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SARKIS NORDIKYAN, | No. 07-75032 |
| Petitioner, | Agency No. A077-998-592 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 5, 2012[**]
Pasadena, California

Before: GRABER, IKUTA, and WATFORD, Circuit Judges.

Sarkis Nordikyan appeals from the IJ and BIA's denial of his application for

asylum, withholding of removal, and protection under the Convention Against

Torture (CAT). We deny his petition.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

The IJ's adverse credibility determination was supported by substantial evidence. Nordikyan rested his first asylum application on fear of future persecution on account of his membership in a political party, but later testified that he feared persecution on account of being a Jehovah's Witness and that he had not been a member of any political party. Although given an opportunity to explain this inconsistency, which went to the heart of his asylum claim, Nordikyan failed to do so. Because at least "'one of the identified grounds is supported by substantial evidence and goes to the heart of [the alien's] claim of persecution,'" we must uphold the IJ's adverse credibility determination. *Rizk v. Holder*, 629 F.3d 1083, 1087 (9th Cir. 2011) (alteration in original) (quoting *Wang v. INS*, 352 F.3d 1250, 1259 (9th Cir. 2003)).

The IJ's determination that Nordikyan lacked a well-founded fear of future persecution was also supported by substantial evidence, including the State Department Country Report, which is "'perhaps the best resource for information on political situations in foreign nations,'" *Sowe v. Mukasey*, 538 F.3d 1281, 1285 (9th Cir. 2008) (quoting *Kazlauskas v. INS*, 46 F.3d 902, 906 (9th Cir. 1995)), and other reports documenting that Jehovah's Witnesses face some discrimination, but not persecution, in Armenia, *cf. Fisher v. INS*, 79 F.3d 955, 960 (9th Cir. 1996) (en

banc). The one newspaper article on which Nordikyan relies does not undercut this evidence.

Both the IJ and the BIA expressly considered and rejected Nordikyan's request for protection under CAT. Accordingly, Nordikyan's due process claim is not well taken.

**PETITION DENIED.**